In re RICHARDSON–MERRELL, INC. "Bendectin" Products Liability Litigation (No. II).

Stephanie Ann JOHNSON, et al.

v.

RICHARDSON–MERRELL, INC., et al., D. Maryland, C.A. No. 83–3814

Sekou EALY, et al.

v.

RICHARDSON–MERRELL, INC., et al., D. District of Columbia, C.A. No. 83–3504

Donald RAYNOR, Jr., et al.

v.

RICHARDSON–MERRELL, INC., et al., D. District of Columbia, C.A. No. 83–3506

Carita RICHARDSON, et al.

v.

RICHARDSON–MERRELL, INC., et al., D. District of Columbia, C.A. No. 83–3505

Mitchell HESKEL

v.

RICHARDSON–MERRELL, INC., E.D. Pennsylvania, C.A. No. 83–5366

Tiffany N. JAMES, et al.

v.

MERRELL NATIONAL LABORATO-RIES, N.D. California, C.A. No. 83–5498–RHS

No. 486.

Judicial Panel on Multidistrict Litigation.

April 11, 1984.

See also 533 F.Supp. 489.

Before ANDREW A. CAFFREY,* Chairman, and ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, Jr., S. HUGH DILLIN, MILTON POLLACK,* and LOUIS H. POLLAK, Judges of the Panel.

### ORDER DENYING TRANSFER

PER CURIAM.

Presently before the Panel are motions, pursuant to Rule 9, R.P.J.P.M.L., 89 F.R.D.

273, 278–79 (1981), by plaintiffs in the first five above-captioned actions to vacate the conditional transfer orders entered by the Panel in those actions. Also before the Panel is a motion by plaintiffs in the sixth above-captioned action to stay transfer of that action.

On the basis of the papers filed and the hearing held, the Panel finds that transfer of these actions at this time would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Although we recognize that these actions share questions of fact with actions previously transferred in this litigation, we are not persuaded that transfer under Section 1407 remains appropriate for newly filed actions in this docket. We note that 1) discovery pertaining to common issues has been completed in the transferee district; 2) Judge Carl B. Rubin, the transferee judge in this docket, has scheduled a trial on common liability issues to commence in June, 1984; and 3) Judge Rubin has established a March 1, 1984 deadline for plaintiffs to opt into the common liability trial. Moreover, we note that procedures exist whereby relevant discovery already completed in the transferee district may be made available to the parties in newly filed actions, including those actions presently before the Panel. *See Wilk v. American Medical Assn.*, 635 F.2d 1295 (7th Cir.1980); *In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation*, 81 F.R.D. 482 (E.D.Mich.1979).

IT IS THEREFORE ORDERED that the Panel's orders conditionally transferring the six above-captioned actions be, and the same hereby are, VACATED.

* Judge Andrew A. Caffrey recused himself and took no part in the present decision. In addition, Judge Milton Pollack recused himself from consideration of the above-captioned action pending in the Eastern District of Pennsylvania, and Judge Pollack did not participate in the Panel's present decision.