In re RICHARDSON–MERRELL, INC. "Bendectin" Products Liability Litigation (No. II).

Stephanie Ann JOHNSON, et al.

v.

RICHARDSON–MERRELL, INC., et al., D. Maryland, C.A. No. 83–3814.

Sekou EALY, et al.

v.

RICHARDSON–MERRELL, INC., et al., D. District of Columbia, C.A. No. 83–3504.

Donald RAYNOR, Jr., et al.

v.

RICHARDSON–MERRELL, INC., et al., D. District of Columbia, C.A. No. 83–3506.

Carita RICHARDSON, et al.

v.

RICHARDSON–MERRELL, INC., et al., D. District of Columbia, C.A. No. 83–3505.

Mitchell HESKEL

v.

RICHARDSON–MERRELL, INC., E.D. Pennsylvania, C.A. No. 83–5366.

Tiffany N. JAMES, et al.

v.

MERRELL NATIONAL LABORATORIES, N.D. California, C.A. No. 83–5498–RHS.

MDL No. 486.

Judicial Panel on Multidistrict Litigation.

Aug. 1, 1984.

---

Thomas H. Bleakley, Detroit, Mich., Stanley M. Chesley, Cincinnati, Ohio, Allen T. Eaton, Washington, D.C., George A. Kokus, Miami, Fla., James G. Butler, Los Angeles, Cal., for plaintiffs.

Frank C. Woodside, III, Vincent B. Stamp, Cincinnati, Ohio, for defendant.

Before ANDREW A. CAFFREY,* Chairman, and ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, Jr., S. HUGH DILLIN, MILTON POLLACK,* and LOUIS H. POLLAK, Judges of the Panel.

### TRANSFER ORDER

PER CURIAM.

Presently before the Panel is a motion by defendant Merrell-Dow Pharmaceuticals, Inc. (Merrell) for reconsideration of the Panel's April 11, 1984 decision, after briefing and oral argument, denying transfer of the six above-captioned actions. 582 F.Supp. 890. Pfizer, Inc., as an interested party, and plaintiffs in four of the above-captioned actions and in four other related actions, oppose Merrell's motion.

The Panel grants the motion for reconsideration and finds that, in light of recent developments in this litigation, transfer of these six actions to the Southern District of Ohio pursuant to 28 U.S.C. § 1407 is now appropriate. The Panel based its April 11, 1984 decision principally on the status at that time of coordinated or consolidated pretrial proceedings in the transferee district, while recognizing the existence of common questions of fact among the six actions and the actions in the transferee district. Three intervening events, however, have altered the status of pretrial proceedings and have persuaded the Panel that transfer at this time of these six actions will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. First, Judge Carl B. Rubin, the transferee judge in this docket, entered an order on June 19, 1984 certifying a class in this litigation for· settlement purposes only. Second, Judge Rubin, in a letter to the Panel dated July 3, 1984, has urged the Panel to transfer potential tag-along actions to the Southern District of Ohio. Judge Rubin's letter states: "It is entirely probable that the entire *Bendectin Litigation* will be settled. It would be administratively far easier to handle this matter if all cases were concentrated in this District." Third, on July 14, 1984, representatives of the plaintiffs' class for settlement purposes and defendant Merrell executed a settlement agreement before Judge Rubin.

In view of the Panel's present decision, the Panel will once again issue conditional transfer orders in appropriate actions in

---

* Judges Andrew A. Caffrey and Milton Pollack recused themselves and took no part in the decision of this matter.

**1450**

this docket, pursuant to Rule 9, R.P.J.P.M.L., 89 F.R.D. 273, 278–79 (1981).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the six above-captioned actions be, and the same hereby are, transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable Carl B. Rubin for inclusion in the coordinated or consolidated pretrial proceedings occurring there.